JOHN WESLEY SEALS V. THE STATE.

No. 20143. Delivered May 3, 1939.

The opinion states the case.

*Lester S. Cross* and *Al L. Crystal,* both of Caldwell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder with malice, and given a life penalty in the penitentiary.

We gather from the facts that the deceased, A. C. Walton, a negro merchant and postmaster at a place called Clay, in Burleson County, had employed at his place of business appellant's wife, Fannie Seals. That appellant claimed that the deceased had alienated his wife's affections, and for quite awhile had been having illicit relations with her. Eventually the wife had gone to the city of Houston, and was under the treatment of a physician. The appellant seemed to be possessed of the idea that the deceased was still visiting his wife while she was in Houston. Appellant made and signed a purported confession which contained many damaging statements relative to the actual time of the killing. Appellant repudiated this confession at the time of the trial, and testified that he had been endeavoring to talk to the deceased at his store; that the deceased refused to talk to him relative to the matter of deceased's relations with appellant's wife; that appellant conceived the idea of blockading a small bridge over which deceased would be compelled to pass in his return from a trip to Houston, and then accosting the deceased and having a talk with him relative to the appellant's wife. Appellant's testimony as to what took place at the bridge varied from his alleged confession introduced by the State. He stated that: "Jack Liston told me on Thursday evening he had been down to Houston with A. C. the previous Sunday and that A. C. spent the night with my wife there. Well, when I went there, I tried to talk to him, and couldn't talk to him. I says, 'Well, I will talk to him'. So, I put a plank on the bridge. I said—when he stopped and got out of the car, I said, 'A. C.' He said, 'What?' I said, 'I want to talk to you.' He said, 'I'll kill the hell out of you,' and reached for the car door; and, when he

did that, I knew he had done killed one man and he wasn't going to kill me—I didn't mean for him to kill me. I knew at that time he had killed a man; I knew he carried a gun. After that I went back home."

Appellant filed four motions for a continuance, some of which were numbered and some were not. Suffice it to say that his first application for a continuance was based upon the fact that his wife, Fannie Seals, who had been properly served with a subpoena, was sick and unable to attend the trial, such fact being shown by the affidavit of the physician who was treating such wife at Houston. This matter is preserved by a proper bill of exceptions, and we are inclined to the belief that Fannie Seals' testimony was material to the appellant's defense.

We find nineteen bills of exception in the record, the major portion of which are not in proper form, and under ordinary circumstances would not be considered by us. We are only referring to them now in order that the matters complained of therein, where deemed erroneous, will not again occur.

We are unable to see upon what grounds the adulterous acts of appellant with the Tolbert woman should have been admitted, nor his shooting of a man named Skobey, nor his stomping a man by the name of Davis in the eye. Had appellant been indicted for any offense involving moral turpitude, such would have been admissible upon certain grounds, but not the specific act itself.

The bills of exception are practically all in an improper form, referring us to the statement of facts in order to see the basis of the complained of error. If we should go to the statement of facts, which we have done with some of the bills, we find page after page of questions and answers with no certificate of the trial judge that such was a necessary inclusion in order to properly understand the bill. We can not take the time to search the record and statement of facts in order to ascertain what is meant to be presented by said bill.

Upon a careful reading of appellant's confession it is not apparent therefrom what was the motive activating appellant in this killing. That he repudiated this statement in his evidence and gave a motive therefor can be seen from the brief synopsis of his testimony. While there was no affidavit of the wife attached to the motion for a continuance, nevertheless should she give the testimony that appellant says she would give in his motion, we think such would have been very material to his defense, and might have materially changed the

result of his trial; it might at least have resulted in a less onerous verdict.

On account of the refusal to grant the continuance of this case because of the absence of Fannie Seals, this judgment is reversed and the cause remanded.